## DAILY REVIEW CORP. v. NATIONAL LABOR RELATIONS BOARD et al.

### No. 7, Docket 21605.

United States Court of Appeals Second Circuit.

Argued Oct. 2, 1951.

Decided Nov. 2, 1951.

Godfrey P. Schmidt, New York City, for petitioner.

George J. Bott, David P. Findling, A. Norman Somers, Dominick L. Manoli and John F. Preston, Jr., Washington, D. C., for respondents.

Alan F. Perl, New York City, Van Arkel & Kaiser, Washington, D. C., for respondents International Typographical Union (A. F. L.) and Nassau County Typographical Union No. 915 (A. F. L.).

Before SWAN, Chief Judge, and CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The Board, in finding that the Union did not terminate or abandon the oral agreement of July 17, 1947, relied on an admission in the testimony of the company's president. It concluded that proposals by the Union, subsequent to the oral agreement and inconsistent with it, were presented as alternatives to that agreement and to induce the company to put it in writing and to perform it. Whether the order could stand, had there been no error in the hearing before the examiner, we need not now say. The examiner erred in refusing to require the Union's witness Byrnes to answer certain questions, on cross-examination, concerning the discussions at a meeting with the New York State Mediation Board. It is argued that the company was not harmed by this refusal, because the examiner and the Board accepted the testimony of the

company's witnesses about what was said at that meeting. We think that argument insufficient. For all we know, Byrnes' testimony on this subject might have disclosed an abandonment by the Union of the July agreement. Consequently, we shall not now decide this case but shall remand to the Board with directions to reopen the hearing to permit the company to examine Byrnes concerning the State Board meeting. The examiner and the Board shall then reconsider their findings in the light of this testimony, and the Board shall then decide whether or not to abide by its order. If it does, the company may again petition this court.

Remanded.